UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF FLORIDA

CASE NO.: 1:16-CV-24007

JOHN MAZZARA,

    Plaintiff,
v.

NCL (BAHAMAS) LTD.,
A BERMUDA COMPANY d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, JOHN MAZZARA ("Plaintiff"), through undersigned counsel, sues Defendant, NCL (BAHAMAS) LTD. ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

4. Plaintiff is *sui juris* and is a resident and citizen of Port Arthur, Texas.

5. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

6. Defendant is a citizen of the State of Florida.

7. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. **DATE OF INCIDENT:** This incident occurred on or about November 26, 2015.

10. **TIME OF INCIDENT:** Approximately between 10:00 and 11:00 a.m.

11. **LOCATION OF INCIDENT:** The incident occurred when Plaintiff was a lawfully paying passenger aboard Defendant's cruise ship vessel, the *Norwegian Jade*.

12. **DESCRIPTION OF THE INCIDENT:** At all times relevant, Defendant had a duty to provide reasonable care under the circumstances for Plaintiff.

13. On the date and time of the incident, and while Plaintiff was a passenger aboard the *Norwegian Jade,* Plaintiff was walking on the portside of Deck 7.

14. However, while Plaintiff was walking on the portside of Deck 7, Plaintiff suddenly slipped and/or tripped over a threshold and fell.

15. Plaintiff was passing the doorway.

16. The threshold was elevated and extended out passed the entrance of the door onto the deck.

17. The surface of the deck and the threshold had a rubbery, sticky surface.

18. As Plaintiff was walking, his shoe grabbed the elevated, rubbery, sticky surface, and Plaintiff fell.

19. As a result, Plaintiff suffered grievous bodily injury, including, but not limited to, an injury to his left shoulder.

20. Plaintiff sought medical treatment due to his injury.

21. Plaintiff was seen by the ship doctors.

22. The ship doctors took an x-ray and put a sling on Plaintiff's shoulder.

23. The ship doctors told the Plaintiff that his shoulder was dislocated, but refused to reset his shoulder.

24. Plaintiff was initially given morphine for his pain.

25. However, Plaintiff was soon refused any further pain medication.

26. The medical staff refused to provide additional treatment to Plaintiff.

27. Further, at the port call, the medical staff refused to allow Plaintiff to disembark the ship to seek additional medical treatment.

28. Plaintiff was left without any medical treatment for a number of days.

29. After Plaintiff returned home, he sought medical assistance from an orthopedist.

30. Plaintiff was advised that due to the two-day wait without having his shoulder reset, Plaintiff had lost the opportunity for his shoulder to heal.

31. Accordingly, Defendant's actions, or its failure to act, fell below the reasonable medical standard of care.

32. Defendant's actions, or its failure to act, also fell below the standard of reasonable care under the circumstances.

33. Further, Defendant failed to take adequate steps to ensure Plaintiff would not suffer further injury.

34. Defendant also failed to make a reasonable effort to provide medical treatment to Plaintiff in order to prevent additional injury.

35. **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**: At all times relevant, the threshold involved in Plaintiff's slip and/or trip, as well as the area surrounding the threshold, was unreasonably dangerous, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

36. This threshold lacked adequate safety features to prevent Plaintiff's fall.

37. These hazardous conditions were known or should have been known to Defendant in the exercise of reasonable care.

38. These hazardous conditions existed for a period of time before the incident.

39. These conditions were neither open nor obvious to Plaintiff.

40. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

41. At all times relevant, Defendant failed to adequately inspect the threshold involved in the incident to insure that it was reasonably safe and in a reasonably safe condition.

42. At all times relevant, Defendant failed to eliminate the hazard(s).

43. At all times relevant, Defendant failed to properly maintain this threshold.

44. At all times relevant, Defendant failed to maintain the area surrounding this threshold.

45. At all times relevant, Defendant participated in the design and/or approved the design of the threshold involved in Plaintiff's incident.

46. At all times relevant, Defendant participated in the instillation and/or approved the installation of the threshold involved in Plaintiff's incident.

47. At all times relevant, Defendant participated in the design and/or approved the design of the area surrounding the threshold involved in Plaintiff's incident.

48. At all times relevant, Defendant failed to properly train and supervise its crew.

49. Furthermore, the lighting was inadequate to enable Plaintiff to notice any hazards.

## COUNT I
## NEGLIGENCE

50. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 49 as if set forth herein.

51. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

52. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

53. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to keep and maintain its thresholds and the areas surrounding them in a reasonably safe condition, so as to help prevent hazards to its passengers;

   b. Failing to inspect, clean, keep and maintain its thresholds and the areas surrounding them in a reasonably safe condition;

   c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area;

   d. Failing to take proper precautions for the safety of passengers entering the subject area;

   e. Failing to warn Plaintiff of the dangerous conditions of the threshold and the area surrounding it;

   f. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of its thresholds and the areas surrounding them;

   g. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant;

   h. Failing to adequately train its crew to keep its thresholds and the areas surrounding them clean and free of hazards;

   i. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, clean and maintain the area of the ship where Plaintiff's incident

occurred, and Defendant knew or should have known that this ship was inadequately staffed.

j. Failing to treat its thresholds and the areas surrounding them to prevent them from becoming unreasonably sticky;

k. Failing to provide adequate lighting to enable passengers to notice any hazards;

l. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence.

m. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

n. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

54. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

55. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

56. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

57. The losses are either permanent or continuing.

58. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, John Mazzara, demands Judgment against Defendant, NCL (BAHAMAS) LTD, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## VICARIOUS LIABILITY
## FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

59. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 49 as if set forth herein.

60. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

61. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

62. At all times material, the ship's medical staff (including its doctors and nurses) and the ship's crew were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

63. Defendant directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

64. Defendant directly provided and operated the medical center to be used by the ship's medical personnel as well as all of the medical machinery, equipment, drugs and supplies to be used therein, regularly stocking and restocking same.

65. Defendant collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies and equipment made by the ship's medical personnel to the passengers of the vessel.

66. The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's doctors) were members of the ship's officer's compliment and at all times they were subject to termination or other discipline by Defendant.

67. Defendant provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

68. Defendant breached its duties and was negligent by failing to adequately diagnose or treat Plaintiff's injuries.

69. Additionally, Defendant breached its duties and was negligent by refusing to allow Plaintiff to disembark the ship to seek additional medical treatment.

70. Furthermore, the doctors and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

71. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

72. Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.

73. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

74. The losses are either permanent or continuing.

75. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, John Mazzara, demands Judgment against Defendant, NCL (BAHAMAS) LTD, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT III**
**ASSUMPTION OF DUTY –**
**NEGLIGENCE OF THE SHIP'S MEDICAL STAFF**

76. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 49 as if set forth herein.

77. The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

78. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

79. Defendant elected to discharge this duty by having Plaintiff seen by its own ship's doctors and/or other crew members.

80. As such, Defendant voluntarily assumed a duty for the benefit of Plaintiff to use reasonable care in the provision of medical services to the Plaintiff.

81. Defendant breached its duties and was negligent by failing to adequately diagnose or treat Plaintiff's injury.

82. Additionally, Defendant breached its duties and was negligent by refusing to allow Plaintiff to disembark the ship to seek additional medical treatment.

83. Furthermore, the doctors and/or other crew members that assumed responsibility for treating Plaintiff lacked adequate experience in treating injuries such as the ones Plaintiff suffered.

84. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would have been prevented or substantially lessened.

85. Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.

86. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

87. The losses are either permanent or continuing.

88. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JOHN MAZZARA, demands Judgment against Defendant, NCL (BAHAMAS) LTD, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JOHN MAZZARA, demands trial by jury on all issues so triable.

**Dated:** this 19th day of September, 2016.

                    ARONFELD TRIAL LAWYERS
                    Attorneys for Plaintiff
                    3132 Ponce de Leon Boulevard
                    Coral Gables, Florida 33134
                    P:     (305) 441.0440
                    F:     (305) 441.0198

By:    */s/Spencer Aronfeld, Esq.*
         Spencer Aronfeld, Esq.
         Florida Bar No.: 905161
         Aronfeld@Aronfeld.com

By:    */s/Matthias M. Hayashi, Esq.*
         Matthias M. Hayashi, Esq.
         Florida Bar No.: 0115973
         MHayashi@Aronfeld.com