UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-24007-ALTONAGA/O'Sullivan

JOHN MAZZARA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.

_____/

**PLAINTIFF'S REPLY IN SUPPORT OF HIS AMENDED DAUBERT MOTION TO STRIKE OPINIONS OF DEFENDANT'S EXPERT, DR. JAN PIETER HOMMEN**

Plaintiff, JOHN MAZZARA ("Plaintiff"), by and through his undersigned counsel, hereby files his Reply in Support of his Amended Daubert Motion to Strike Opinions of Defendant's Expert, Dr. Jan Pieter Hommen. In support thereof, Plaintiff states as follows:

**I.    Reply to Opening Remarks of Defendant.**

As an initial matter, Plaintiff notes that Defendant argues that Dr. Hommen will not offer testimony as to emergency care. However, Defendant also argues that "Dr. Hommen will opine that Norwegian's shipboard physician met the **applicable standard of care** by not reducing Plaintiff's shoulder on the ship as doing so would have risked causing greater injury to Plaintiff." [DE 113] at p. 2 (emphasis added). Since is not clear what standard of care Dr. Hommen will be testifying to if he is not testifying to the standard of care for emergency care physicians, Plaintiff will address the rest of Defendant's response.

**II.    Dr. Hommen is Not Qualified to Testify on Emergency Care Standards.**

In its response, Defendant places great weight on the decision of this Honorable Court in

*Cordoves v. Miami-Dade Cty.*, 104 F. Supp. 3d 1350, 1358 (S.D. Fla. 2015). However, this Honorable Court in *Cordoves* found that "Androuin is not qualified to testify about Shiloh's status as a service animal." *Cordoves*, 104 F. Supp. 3d at 1358 (citing *Pleasant Valley Biofuels, LLC v. Sanchez–Medina*, No. 13–23046–CIV, 2014 WL 2855062, at *3 (S.D.Fla. June 23, 2014) (excluding expert testimony because the expert's "experience is insufficiently related to the subject of his opinions")). In this regard, this Honorable Court also found that,

> At his deposition, Androuin admitted he is not an animal trainer and has never been involved with training a service animal. (See Nov. 6 Dep. 26:15–21). He admitted he "obviously" does not know what specifically is needed to train a service animal. (*Id.* 26:22–25). While not legally determinative, it bears mentioning this case is the first time Androuin has been asked to opine on whether a particular animal is a service animal. (See id. 30:4–18).
>
> Contrary to Cordoves's suggestion (see Resp. 8–9), Androuin's expertise in ADA compliance, see infra Part III.A.2, does not make Androuin qualified to testify a particular animal is a service animal—**the two subjects are distinct**.

*Cordoves*, 104 F. Supp. 3d at 1358 (emphasis added).

In addition, Defendant also places great weight on the decision of the court in *Sanchez–Medina*. However, the court in that case found that,

> As previously noted, a witness may qualify as an expert "relying solely or primarily on experience." Fed.R.Evid. 702, advisory committee's note on 2000 amendment. However, "that an expert may be qualified by experience does not mean that experience, standing alone, is a sufficient foundation rendering reliable any conceivable opinion the expert may express." *Frazier*, 387 F.3d at 1261. The witness must show "how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.* (internal quotation marks omitted). **Here, despite Coker's professional success, his experience is insufficiently related to the subject of his opinions, and does not provide a sufficient basis for those opinions to qualify him as an expert**.
>
> Coker graduated from the University of Alabama with a B.A. in 1968, having majored in political science with a minor in finance. DE 47–1 at 32; DE 54–1 at 61:18–21. From 1968 to 1972, Coker worked in a low-level position for the First National Bank of Mobile, Alabama, mostly in its trust department. DE 54–1 at 27:9–30:6. **In that role, Coker would sometimes perform the duties of an**

> **escrow agent**. Id. at 29:19–24.
>
> In 1972, however, Coker's banking career began to take off. He moved between multiple financial institutions into more senior positions of increasing responsibility. By the late 1980's, Coker had attained an executive position and directorship with a bank in Houston, where he was involved in originating and servicing loans. *Id.* at 31:8–45:10.
>
> Coker took part in many transactions involving the use of an escrow agent after his departure from First National Bank in 1972 (DE 47–1 at 2), but his role in the overwhelming bulk of those transactions did not involve escrow-agent duties. DE 54–1 at 32:1–47:1. Though Coker did work for banks acting as escrow agents for their own transactions in the mid–1980's, he appears to have only a hazy recollection of the specifics of those escrow agreements and their purpose. See *id.* at 46:5–47:1. Coker's resume thus reflects little direct involvement with the details of an escrow agent's role and responsibilities since 1972. Nor does Coker have any significant training or education on the topic.

*Sanchez–Medina*, 2014 WL 2855062 at *3 (emphasis added).

Here, just like the challenged expert in *Cordoves*, Dr. Hommen clearly stated that he does not practice emergency medicine, and that he has never been involved in a case involving emergency care in a situation like Plaintiff's, namely where an orthopedic specialist may not be available to assist other than over the phone. *See* [DE 90-1] at 71:18-22. This is in distinct contrast to Plaintiff's emergency care expert, Dr. Gary Goldberg, who unquestionably has such experience due to his work on a remote and isolated rural island in the Pacific Ocean, the Big Island of Hawaii. Just like the challenged expert in *Sanchez–Medina*, Dr. Hommen may have had some experience practicing in emergency care early in his career, but quickly moved on to a separate and distinct practice. *See* [DE 90-1] at 9:7-10:2; *see also Sanchez–Medina*, 2014 WL 2855062 at *3; *see also Cordoves*, 104 F. Supp. 3d at 1358. To the extent that Dr. Hommen is offering opinions on what the standard of care is for emergency physicians in similar situations to Plaintiff, Dr. Hommen simply has no experience that would enable him to offer any such supported opinions.

Therefore, Plaintiff respectfully submits that Dr. Hommen should not be allowed to testify

as to the standard of care for the shipboard emergency care physician in Plaintiff's case.

### III. Dr. Hommen Does Not Utilize a Reliable Methodology, as His Methodology, Allegedly Based on His Experience, is Incongruent with the Facts of the Case.

As Plaintiff outlined in his *Daubert* motion, Federal Rule of Evidence 702(b) provides that in order for expert opinions to be admissible, they must be based on sufficient facts or data. Fed. R. Evid. 702(b). "Expert evidence based on a fictitious set of facts is just as unreliable as evidence based on no research at all." *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1330 (5th Cir. 1996). The Eleventh Circuit has held it is proper for a trial court to exclude expert testimony whose factual basis is not adequately explained. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005). In this regard, Plaintiff respectfully submits that his reply in support of his arguments that Dr. Hommen is not qualified to render opinions on emergency medical care are applicable on the issue of methodology as well. *See Sanchez–Medina*, 2014 WL 2855062 at *3 ("Here, despite Coker's professional success, his experience is insufficiently related to the subject of his opinions, **and does not provide a sufficient basis for those opinions** to qualify him as an expert.") (emphasis added).

As Plaintiff anticipated, Defendant appears to argue that Dr. Hommen's methodology is based, at least in part, on his experience. *See* [DE 113] at p. 4. Defendant is correct that one of Plaintiff's theories of liability is that Defendant failed to consult an orthopedic specialist via the 24-hour medical hotline provided by on-call specialists at the Cleveland Clinic. However, Dr. Hommen is offering the opinion that such consultation was not required under the standard of care for emergency care physicians. *See, e.g.*, [DE 90-1] at 79:4-14. However, Dr. Hommen is forming these opinions about the standard of care for emergency care physicians without ever having offered advice to an emergency care physician who he is not able to physically assist if necessary.

*See* [DE 90-1] at 71:18-22. It may be the practice of Dr. Hommen to advise emergency care physicians to await care by an orthopedic specialist in the environment he practices in, but this environment was not similar in any relevant aspect to the environment Plaintiff faced.

Therefore, Plaintiff respectfully submits that Dr. Hommen should be excluded from offering opinions on the standard of care for emergency care physicians.

### III.     Dr. Hommen's Opinions on Emergency Care are Irrelevant to the Facts of this Case and are Unhelpful to the Trier of Fact.

As Plaintiff argued in his *Daubert* motion, the Supreme Court has described the test for helpfulness under *Daubert* as one of "fit," and "scientific validity for one purpose is not necessarily scientific validity for other related purposes." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993). In this regard, Plaintiff respectfully submits that his reply in support of his arguments that Dr. Hommen is not qualified to render opinions on emergency medical care are applicable on the issue of helpfulness as well. *See Sanchez–Medina*, 2014 WL 2855062 at *3 ("Here, despite Coker's professional success, his experience is **insufficiently related** to the subject of his opinions, and does not provide a sufficient basis for those opinions to qualify him as an expert.") (emphasis added).

Here, Defendant has failed to explain how Dr. Hommen's opinions on emergency medical care fit the facts of Plaintiff's case, since Dr. Hommen's opinions were offered in the context of Dr. Hommen's experience as an orthopedic specialist who practiced in an environment where he has always been physically able to assist an emergency care physician if necessary, and such physical assistance by an orthopedic specialist was not available in Plaintiff's case.

Therefore, Plaintiff respectfully submits that Dr. Hommen should be excluded from offering opinions on the standard of care for emergency care physicians.

**WHEREFORE**, Plaintiff, JOHN MAZZARA, respectfully requests this Honorable Court to enter an Order striking the opinions of Dr. Pieter Jan Hommen as to emergency care, which includes the standard of care for emergency care physycians, and for all other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 17, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,
        ARONFELD TRIAL LAWYERS
        3132 Ponce de Leon Blvd.
        Coral Gables, Florida 33134
        Tel:  (305) 441- 0440
        Fax: (305) 441 - 0198
        Attorneys for Plaintiff

By:   */s/ Matthias M. Hayashi, Esq.*
       Spencer Marc Aronfeld, Esq.
       Florida Bar Number: 905161
       aronfeld@aronfeld.com
       Matthias M. Hayashi, Esq.
       Florida Bar No. 115973
       mhayashi@aronfeld.com

**SERVICE LIST**

Jeffrey Eric Foreman
Foreman Friedman, PA
2 S Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
305-358-6555
Fax: 305-374-9077
Email: jforeman@fflegal.com

Amanda Jean Sharkey Ross
Foreman Friedman PA
2 South Biscayne Blvd.
Miami, FL 33131
305-358-6555
Fax: 305-374-9077
Email: aross@fflegal.com

Karen Foy Grossman
Foreman Friedman, P.A.
2 S Biscayne Boulevard
Miami, FL 33131-1803
305-358-6555
kgrossman@fflegal.com

Rachael Mitchell Fagenson
Foreman Friedman, P.A.
2 South Biscayne Blvd., Suite 2300
Miami, FL 33130
(305) 358-6555
rmitchell@fflegal.com

Elisha Sullivan
Foreman Friedman, PA
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131
(305) 358-6555
esullivan@fflegal.com

Darren Wayne Friedman
Foreman Friedman, PA
2 S Biscayne Boulevard
Miami, FL 33131
305-358-6555
374-9077 (fax)
dfriedman@fflegal.com